UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
U.S.D.C. Rome

MAR 15 2007

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

LATISSUS L. UPSHAW,

        Plaintiff,

    v.

BAD BOYS COMMUNITY ENFORCEMENT
SERVICES and W. O. MANSON,

        Defendants.

CIVIL ACTION

NO. 1:05-CV-2213-RLV

O R D E R

In a report and recommendation dated December 22, 2005, the magistrate judge recommended that the defendants be found in default for failing to respond to the plaintiff's complaint. By order dated January 9, 2006, this court adopted the report and recommendation of the magistrate judge. On March 8, 2007, this court conducted a hearing to determine the amount of damages to be awarded to the plaintiff. The following will constitute the court's findings of fact and conclusions of law, as required by Rule 52, Federal Rules of Civil Procedure.

The plaintiff is a 26-year-old female, who resides in Fulton County, Georgia. In March 2005, she began working for Bad Boys Community Enforcement Services as office manager, at a salary of $300 per week. Bad Boys is not incorporated but apparently is a sole proprietorship operated by W. O. Manson. Bad Boys employed in excess of 40 employees and had a monthly payroll of approximately $40,000, all of which was paid in cash.

Almost immediately after beginning work, the plaintiff was subjected to sexual harassment by Manson, who touched her inappropriately and repeatedly suggested that the plaintiff go on vacations with him.  At that time, Manson was approximately 60 years old, 5'11", and weighed over 300 pounds.  In contrast, the plaintiff was 5' and weighed approximately 110 pounds.  The plaintiff felt intimidated by Manson and reported some of his conduct to her immediate supervisor, who simply suggested that the plaintiff accompany Manson on the suggested vacation trips.  The plaintiff declined.  Manson's conduct constituted a hostile work environment for the plaintiff.

After working three weeks, during which time Manson frequently subjected the plaintiff to unwanted sexual advances, the plaintiff was again asked to travel with Manson to Hawaii.  She declined and again reported Manson's inappropriate conduct to her supervisor. The plaintiff was fired the next day.

Because of the treatment she was subjected to, the plaintiff experienced emotional anguish and distress and no longer felt comfortable working in an office in an administrative capacity. Consequently, after being fired by Bad Boys, the plaintiff chose to work in a warehouse.  However, because of trouble with her minor children, the plaintiff shortly thereafter decided to stop working and stay at home to take care of her children instead.

Based on the uncontested allegations in the plaintiff's complaint and on the evidence presented at the hearing on March 8,

2

2007, the court finds that the plaintiff has proven that she was subjected to sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 4000e, et seq. and that she was retaliated against by Bad Boys when she complained about the harassment.

The court hereby awards $60,000, constituting two years of back pay. Since reinstatement is not feasible, the court awards an additional $30,000 as front pay. Additionally, the court concludes that the plaintiff's suffering and mental anguish entitles her to an award of compensatory damages, and the court hereby awards $60,000 in compensatory damages. Because of the reprehensible nature of Manson's conduct, the court awards an additional $60,000 in punitive damages.

With respect to the plaintiff's state law claims for civil battery in violation of O.C.G.A. § 51-1-14 and for intentional infliction of emotional distress, the court awards $1 on each claim.[1]   The court additionally awards a total of $50,000 in punitive damages on these claims. Both the nominal damages award and the punitive damages award is only against Manson.

---

[1] The court awards only nominal damages on these claims since the very same actions that formed the basis for the plaintiff's federal claims formed the basis for these claims. Awarding additional damages for the state law claims would, essentially, constitute a double recovery for the same wrongful acts. Although the court recognizes that these are distinct claims, the court also believes that the plaintiff should not effectively receive a double recovery.

Finally, the court awards attorney's fees in the amount of $5720, representing 15 hours at $260 per hour; the court also awards the cost of hiring a private investigator and process server in the amount of $1100. The court also awards two years of interest on the back pay award in the amount of $2400.

The clerk will enter judgment against Manson in the amount of $50,002. The clerk will enter judgment against Manson and Bad Boys in the amount of $219,220, together with costs and post-judgment interest as allowed by law.

SO ORDERED, this _15th_ day of March, 2007.

_____
ROBERT L. VINING, JR.
Senior United States District Judge

4